# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIENVENIDO RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REV ULLIKLEMM, LIEUTENANT ) <br> BOONE, EDWARD NIEDERHAUSER, and ) <br> REV KIRT ANDERSON, ) <br> ) <br> Defendants. ) | Civil Action No. 16-1786 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF Nos. 44 and 46 |

## MEMORANDUM ORDER

Plaintiff Bienvenido Rodriguez ("Plaintiff") is currently incarcerated at the State Correctional Institution ("SCI") at Forest. This case arises from Plaintiff's incarceration at SCI Pine Grove. Plaintiff's claims arise out of allegations that Defendants, employees of the Pennsylvania Department of Corrections ("DOC"), violated Plaintiff's First Amendment rights and the Religious Land Use and Institutionalized Persons Act by failing to make religious accommodations for the practice of Plaintiff's religion, Yoruba Santeria, and by improperly confiscating consecrated prayer beads that Plaintiff wore in connection with his faith.

Plaintiff, represented by Attorneys Christy Foreman and Alexandra Morgan-Kurtz, filed his Complaint in this action on November 28, 2016. ECF No. 1. The Court conducted an initial case management conference, ECF No. 15, and the case was referred to the alternative dispute resolution in the form of mediation, ECF No. 17. The Honorable Kenneth Benson (ret.) conducted the mediation on April 14, 2017, and Plaintiff attended in person. ECF Nos. 20 and 21. At the conclusion of the mediation, the case was resolved. ECF No. 21.

Although there was some initial dispute over the language of the settlement agreement and release, ECF Nos. 24, 25, 28 and 29, that required the assistance of this Court, ECF Nos. 30 and 32, the settlement agreement and release was executed by the parties in May 2018. ECF No. 33. The settlement agreement and release provided that a check in the amount of $6500.00 was to be deposited into Plaintiff's inmate account. Thereafter, this Court approved the Stipulation of Dismissal. ECF Nos. 34 and 35. On July 30, 2018, Plaintiff's counsel informed the Court that notice had been received that the DOC would be releasing Plaintiff's settlement funds from escrow on August 7, 2018. ECF No. 37.

Despite this case having been fully resolved and all claims released, Plaintiff, without his counsel of record, filed a Motion to Re-Open Civil Action. ECF No. 44. In the instant Motion, Plaintiff seeks to reopen the case for what he characterizes as a breach of the settlement agreement and for ineffective assistance of counsel. Plaintiff also filed a Motion for Leave to File Amended Complaint. ECF No. 46.[1] In his pending motions, Plaintiff broadly alleges that Defendants have violated his religious freedoms and the terms of the parties' settlement agreement, but only specifically identifies two instances of purported breach: (1) Defendants' placement of the settlement funds into escrow; and (2) not permitting Plaintiff to purchase his Yoruba Santeria beaded necklaces. ECF No. 53 ¶¶ 10-11. Plaintiff further claims that, since the execution of the settlement agreement, "more constitutional claims have arisen." Id. at ¶ 12.

Defendants have filed a Brief in Opposition to Motion to Re-Open Civil Action (the "Brief in Opposition"). ECF No. 57. In the Brief in Opposition, Defendants first note that

---

[1] Following Plaintiff's *pro se* filing of these motions, on July 9, 2019, Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff. ECF No. 51. In support of their request, counsel explained that Plaintiff demanded they take actions with which counsel had a fundamental disagreement, and that Plaintiff appeared to have lost confidence in their representation, as he had filed multiple *pro se* motions with the Court, ECF Nos. 36, 40, 44, 45 and 46, including twice seeking to have counsel removed. The Court granted Plaintiff's counsel's request to withdraw on July 9, 2019, and Plaintiff is now proceeding *pro se*. ECF No. 52.

2

Plaintiff was ably represented by Attorneys Freeman and Morgan-Kurtz, and that they secured a favorable settlement agreement for Plaintiff after difficult and protracted negotiations. Id. at 1. Defendants correctly argue that there is no evidence whatsoever that the parties did not intend to enter the Settlement Agreement. Id. at 2. Defendants point out that this Court helped to complete the settlement after an initial dispute over specific terms that the Court resolved. Id.

Upon review of the instant Motion, Brief in Opposition and related filings, this Court finds that a settlement was reached, fully executed by the parties and apparently complied with by the parties.

As to Plaintiff's current ability to participate in group religious activities, Plaintiff ignores the fact that he is currently being held in a restricted housing unit ("RHU"), which precludes him from engaging in group religious activities.

As to the consecrated beads that Plaintiff complains about not receiving, Plaintiff has been informed that Reverend Klemm, despite substantial effort, has not yet been able to locate a vendor to provide the consecrated beads.

Plaintiff also seeks leave to file an amended complaint to bring new claims against new Defendants. ECF No. 46. Plaintiff has not established the requisite good cause for delay in moving to amend the complaint as required by Federal Rule of Civil Procedure 16. To the extent that Plaintiff wishes to bring a new lawsuit alleging new claims, he is certainly free to do so.

For the reasons set forth herein, Plaintiff's Motion to Re-Open Case, ECF No. 44, is denied as without merit, and Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 46, is denied as unwarranted.

In light of the Court's rulings on these two motions, the additional motions filed by Plaintiff at ECF Nos. 45, 47, 53, 55 and 59 are denied as moot.

To the extent that Plaintiff seeks to have the Court address any issue relative to the handling of the issued settlement funds, Plaintiff may file a motion requesting that the Court schedule a conference with Plaintiff's former counsel and defense counsel, with Plaintiff participating by telephone, to address this limited issue.

Dated: September 4, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Bienvenido Rodriguez
LQ7479
SCI FOREST
286 Woodland Drive
P.O. Box 307
Marienville, PA 16239

All counsel of record via CM/ECF

4